UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL COLEY** and
**DOUGLAS ALLEN,**
on behalf of themselves and
all others similarly situated,

                     Plaintiffs,         Case No.
                                            Hon.

**v.**

**CAR TUNES STEREO CENTER, INC.** and
**MARK CONSTANTAKIS,**

                     Defendants.
_____
**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**David A. Hardetsy (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*
_____

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

### COMPLAINT

Plaintiffs, Michael Coley and Douglas Allen, through their attorneys, Gold Star Law, P.C., for their Collective Action Complaint state as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs Michael Coley and Douglas Allen ("Plaintiffs"), and the employees they seek to represent, are employees and former employees of Defendant Car Tunes Stereo Center, Inc. who worked as installers at various facilities owned and/or operated by Defendants. Defendants required or permitted Plaintiffs to work hours in excess of forty (40) hours per week, but failed to compensate Plaintiffs at a rate of one and one half times their regular rate of pay for all hours over forty (40) per week.

2. Plaintiffs and the employees they seek to represent were all compensated on a weekly salary basis, and were or are non-exempt employees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. § 206 and § 207.

4. Defendants likewise do not pay proper overtime to other similarly situated workers in Michigan. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to them and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the collective action are hereinafter referred to as "Class Members."

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff, Michael Coley ("Coley"), is an individual residing in Warren, Macomb County, Michigan. Coley's written consent form to this action is attached hereto as Exhibit "A".

6. Plaintiff Douglas Allen ("Allen") is an individual residing in East China, St. Clair County, Michigan. Allen's written consent form to this action is attached hereto as Exhibit "B".

7. Defendant, Car Tunes Stereo Center, Inc. ("Car Tunes") is a Michigan corporation with its registered office in Allen Park, Wayne County, Michigan.

8. Defendant Mark Constantakis ("Constantakis") is an individual regularly conducting business in Wayne County, Michigan.

9. Upon information and belief, Defendant Constantakis is a resident of Allen Park, Michigan.

10. Defendant Constantakis is the resident agent, owner, primary manager and decision maker of Car Tunes.

11. The wrongful conduct of Defendants alleged herein occurred in Wayne County, Michigan.

12. This action arises under 29 U.S.C. § 207, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

13. Defendants reside within this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## COVERAGE

14. At all material times, Defendants have been "employers" within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Plaintiffs and Class Members were "employees" within the meaning of section 3(e) of the FLSA. 29 U.S.C § 203(e).

16. Defendants controlled the hours to be worked by and the compensation of Plaintiffs and Class Members.

## FACTUAL ALLEGATIONS

17. Car Tunes owns and operates auto-sound installation and auto-security installation retail locations in Allen Park, Berkley, Roseville, Westland, and others.

18. Defendants employed Coley as an installer at the Roseville location from approximately January 20, 2015 until his termination approximately March 1, 2017.

19. Defendants employed Allen as an installer at the Roseville location from approximately December 11, 2014 until he quit in May, 2016.

4

20. Installers would install remote starts and stereos in motorcycles, boats, and cars.

21. Plaintiff Coley was paid a base salary of $807 per week for all hours worked.

22. Coley was also paid a commission on some of the work he performed, which amount varied from check to check.

23. Plaintiff Coley worked an average of over forty-six (46) hours per week.

24. Plaintiff Allen was paid a base salary of $845 per week for all hours worked.

25. Allen was also paid a commission on some of the work he performed, which amount varied from check to check.

26. Plaintiff Allen worked an average of over forty-six (46) hours per week.

27. Defendants were required to compensate Plaintiffs for all hours worked and at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

28. Defendants did not compensate Plaintiffs at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

29. Plaintiffs were not, at any time during their employment, exempt from the pay requirements of the FLSA.

30. All hours worked by Plaintiffs, including overtime hours, were worked at the direction and with the sufferance of Defendants.

31. Defendants' violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory requirements under the FLSA.

32. Plaintiff Coley is owed at least $6,014.66 in unpaid overtime premiums during his employment with Defendants.

33. Plaintiff Allen is owed at least $5,220.45 in unpaid overtime premiums during his employment with Defendants.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek. That is, Plaintiffs worked with or had personal knowledge of other installers and other employees of Defendants who were not paid time-and-a-half for hours worked over forty (40) in a week.

35. Other employees, similarly situated to Plaintiffs, work or have worked for Defendants, but were not paid at the rate of one and one half times their regular rate when those hours exceeded forty (40) hours per workweek.

36. Although Defendants permitted or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked and proper overtime compensation for hours worked over forty (40) in a week.

37. Class Members perform or have performed the same or similar work as Plaintiffs.

38. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

39. Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

40. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and the denial of overtime wages.

41. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

42. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

43. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

44. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

45. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members. Plaintiffs bring their FLSA claims as a collective action on behalf of the following class:

> ALL CURRENT AND FORMER EMPLOYEES OF CAR TUNES STEREO CENTER, INC., WHO WORKED FOR AT LEAST ONE WEEK IN EXCESS OF FORTY HOURS BUT WERE NOT PAID ONE AND ONE HALF TIMES THEIR RATE OF PAY FOR HOURS WORKED OVER FORTY (40) IN A WEEK, DURING THE PERIOD FROM THREE (3) YEARS PRIOR TO THE FILING OF THIS COMPLAINT TO THE PRESENT.

**CAUSE OF ACTION - VIOLATION OF 29 U.S.C. § 206 AND § 207**

46. Plaintiffs and Class Members incorporate the allegations in the foregoing paragraphs as if fully stated herein.

47. Defendants' practice of failing to pay Plaintiffs and Class Members time and a half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 206 and § 207.

48. None of the exemptions provided by the FLSA regulating the duty of employers to pay at least minimum wage and overtime at a rate not less than one and one half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs and Class Members.

49. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

50. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 U.S.C. § 216(b).

51. Plaintiffs and Class Members are entitled to recover attorney fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs requests that this Court enter judgment awarding the following relief:

a. Unpaid overtime compensation for all hours worked in excess of forty (40) per week at the applicable time and a half rate;

b. An amount equal to the unpaid overtime compensation as liquidated damages;

c. Reasonable attorney fees, costs and expenses of the action;

d. An order requiring Defendants to correct their pay practices going forward; and

e. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

  /s/ *Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200

Dated: April 19, 2017